# Yohe v. Nationwide Mutual Life Insurance Co.

*Daniel M. Fennick,* for plaintiffs.
*Rees A. Griffiths,* for defendant.

CASSIMATIS, *J.,* July 19, 1990 — This matter is before the court pursuant to the motion of plaintiffs, Wayne B. Yohe and Donna M. Yohe, to compel discovery. For the reasons set forth below, the motion is granted.

Plaintiffs' house, insured under a fire insurance policy issued by defendant, Nationwide Mutual Fire Insurance Company, burned down in August 1987. Following an investigation, defendant denied plaintiffs' claim for policy proceeds, alleging arson by plaintiffs. Plaintiffs then filed a complaint, requesting policy proceeds as well as triple damages under the Pennsylvania Consumer Protection Law for defendant's alleged bad-faith denial of the claim.

At issue here is whether certain notes and materials prepared by defendant's claim adjuster while investigating plaintiffs' claim are protected from discovery.[1] Plaintiffs filed a request for production of documents, seeking these notes and materials, to

---

1. Defendant has indicated that it will supply plaintiffs with the other discovery they seek.

which defendant did not object. Defendant now asks the court to enter a protective order, barring the disclosure of the notes and materials prepared by its claims adjuster.

Plaintiffs assert that by not promptly objecting to the request for production, defendant has waived its right to object or seek a protective order. Alternatively, plaintiffs contend that even if defendant has not waived its right to object or seek a protective order, defendant's objections are meritless and, consequently, the motion to compel should be granted.

Conversely, defendant maintains that its failure to promptly object does not constitute a waiver of its right to seek a protective order. Defendant claims that the sought-after discovery is protected because it involves the mental impressions of its claims adjuster. In the alternative, defendant submits that should the court conclude that the adjuster's notes are relevant to the issue of bad faith, the court should reserve its ruling on the motion to compel and sever plaintiffs' claim for policy proceeds from their bad-faith claim and dispose of the bad-faith claim only if plaintiffs prevail on their claim on the policy.

In this case, it is clear that defendant did not promptly file its objections to plaintiffs' request for production. A failure to do so, however, is not fatal to defendant's right to seek a protective order. As the court stated in *Northampton Municipal Authority v. Remsco:*

"[W]hile rule 4006(a)(2) provides that objections to interrogatories shall be filed within 30 days, nothing suggests that objections not raised within the 30-day period are waived. Rule 4019(a)(2) contains the only waiver provisions within the rules of discovery. Under this rule, failure to answer written

interrogatories is objectionable only if a party has filed objections or applied for a protective order. Furthermore, this rule permits objections to be raised through an application for a protective order and rule 4012 sets forth no time period within which a protective order must be sought." 22 D.&C. 3d 541, 547 (1981).

In concluding that there was no waiver as a result of a failure to object within 30 days, the court distinguished between objections based on the form of the interrogatories and those objections relating to the content and substance of the interrogatories. The court concluded that objections as to form are waived if not raised within 30 days, but that objections regarding substance are not waived by a failure to promptly object.

To be sure, we are presently concerned with a request for production and not interrogatories, yet the rationale set forth above is aptly applied to this situation. Defendant's objection that the notes of its claims adjuster are protected because they contain mental impressions of the adjuster, goes to the substance of the requested discovery. As a result, defendant has not waived its right to object and, accordingly, defendant is not barred from seeking a protective order.

Whether defendant is entitled to the protective order is an entirely different matter. In resolving this question, the court is guided by the learned analysis of Judge Wettick in *Little v. Allstate Insurance Company*, 16 D.&C. 3d 110 (1980). Here, plaintiff sued for no-fault benefits and statutory attorney's fees.[2] Prior to rejecting plaintiff's claim for no-fault

---

2. Pursuant to the No-fault Act, 40 P.S. §1009.107, attorney's fees may be awarded where the insurer denied the claim without "reasonable foundation."

benefits, defendant conducted an investigation of the claim. Plaintiff filed a motion to produce all documents prepared in connection with this investigation. Defendant produced the documents, but deleted all references to the investigator's opinions as to the merits of plaintiff's claim.

Plaintiff then moved to compel the production of the deleted portions of the documents. This material was relevant to plaintiff's claim for counsel fees under the No-fault Act. That claim raised the issue of whether defendant denied the claim without reasonable foundation and evidence relating to the scope of defendant's investigation, its evaluation of the evidence and its reasons for denying the claim as directly related to whether the claim was denied with or without reasonable foundation. The court reasoned that since the material was relevant and not privileged, it was discoverable unless explicitly protected under another discovery rule.

In its opinion, the court cited Pa.R.C.P. 4003.3, which both parties to the instant case rely on. It provides:

"Subject to the provisions of rules 4003.4 and 4003.5, a party may obtain discovery of any matter discoverable under rule 4003.1 even though prepared in anticipation of litigation or trial by or for another party or by or for that other party's representative, including his attorney, consultant, surety, indemnitor, insurer or agent. The discovery shall not include disclosure of the mental impressions of a party's attorney or his conclusions, opinions, memoranda, notes or summaries, legal research or legal theories. With respect to the representative of a party other than the party's attorney, discovery shall not include disclosure of his mental impres-

sions, conclusions or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics."

The court then noted that although the rule protects the mental impressions, conclusions and opinions of a party's representative in anticipation of litigation, "it is not clear from a reading of the rule whether the protection is limited to the litigation of the claim for which the impressions, conclusions and opinions were made *or whether it extends to the litigation of claims which the impressions, conclusions or opinions do not address." Little,* 16 D.&C. 3d at 112. (emphasis supplied)

The court then concluded that rule 4003.3's protections apply *only* to the litigation of the claim for which the impressions, conclusions and opinions were made. It based its decision on the rationale set forth in *Harvey v. Whatley,* 2 Philadelphia Rep. 443 (1979), which held that rule 4003.3's protections against discovery of impressions, conclusions or opinions prepared in anticipation of litigation did not extend to subsequent litigation in which such matters were relevant. In *Harvey,* an action against an insurance company for allegedly representing an insured in bad faith, the court permitted the discovery of opinions in the insurance company's file made in anticipation of the litigation in which the insurance company allegedly acted in bad faith because such opinions were necessary to prove the bad faith claim. In *Little,* Judge Wettick reasoned that because the matters deleted from the documents which defendant provided were relevant to the issue of whether plaintiff's claim was denied without reasonable foundation, they were not protected.

Application of the foregoing principles to the case at bar compels the conclusion that defendant's claims adjuster's notes are not protected from dis-

covery. As stated above, rule 4003.3's protections apply *only* to the litigation of the claim for which the impressions, conclusions and opinions were made. In the instant case, defendant's adjuster's notes were made for the purpose of investigating plaintiffs' claim on the policy. The adjuster's notes were not prepared in anticipation of plaintiffs' allegations of bad faith. Therefore, the adjuster's notes are not protected by rule 4003.3. As the material is relevant on the bad-faith issue, not privileged or protected by rule 4003.3 or any other rule, it is discoverable. Consequently, defendant's request for a protective order will be denied and plaintiffs' motion to compel will be granted.

With regard to defendant's contention that the court should sever the claim on the policy from the bad-faith claim, it is rejected. In essence, defendant seeks to have this trial bifurcated. As the questions of whether plaintiffs are entitled to recover on the policy and defendant's alleged bad faith are closely related, judicial economy dictates that the two be heard in the same setting. Moreover, defendant has failed to make any formal motion or petition for a bifurcation of the two issues other than to include it as part of its response to plaintiffs' motion to compel. As a result, the court will not order a bifurcation.

Lastly, plaintiffs maintain that they are entitled to attorney's fees. This request will be denied. Defendant's conduct simply does not rise to the level warranting imposition of attorney's fees. To date, no court order has been disobeyed by defendant. In addition, defendant's objection to the sought-after discovery was not in the least bit frivolous, given the sparsity of case law on the issue. Therefore, we decline to award plaintiffs' counsel fees. Accordingly, we enter the following

## ORDER

And now, July 19, 1990, the motion of plaintiffs, Wayne B. Yohe and Donna M. Yohe, to' compel discovery is granted. Defendant, Nationwide Mutual Fire Insurance Company, shall provide plaintiffs the notes' of its claims adjuster(s) who investigated plaintiffs' claim within 30 days of the date of this order.

Defendant's motion for a protective order is denied as is defendant's request for a severance.

Plaintiffs' request for attorney's fees is denied.

The prothonotary is directed to provide notice of the entry of this opinion and order as required by law.